## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARMION K. WILLIAMS, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **CASE NO. 2:04-CV-3281-RDP** |
| | } | |
| SINIARD, TIMBERLAKE & | } | |
| LEAGUE, P.C., | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Pending before the court is Defendant's Motion to Dismiss (Doc. #7) filed on January 12, 2005. The court set this case for a hearing on March 15, 2005, beginning at 10:00 a.m., in courtroom 7A. As discussed more fully below, Defendant's Motion to Dismiss is due to be granted in part and denied in part.

Plaintiff's Amended Complaint contains two federal claims: count I alleges a violation of Americans with Disabilities Act ("ADA"),[1] and count II alleges a violation of HIPAA.[2] The remaining counts of the Amended Complaint are all based upon state law. More specifically, count III alleges a failure to provide a safe workplace; count IV asserts a claim for intentional infliction of emotional distress and outrage; count V presents an assault and battery claim; count VI makes a claim for invasion of privacy: false light; and count VII for invasion of privacy: intrusion upon seclusion.

---

[1]During oral argument, Plaintiff conceded that she is no longer pursuing a disability claim under Title VII.

[2]The acronym HIPAA stands for the Health Insurance Portability and Accountability Act of 1996.

## II.     STANDARD OF REVIEW

The burden for a defendant on a Rule 12(b)(6) motion to dismiss is a heavy one – a court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  Moreover, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).  Finally, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

## III.    ANALYSIS

### A.     Count I—ADA

Given the significant burden on the defendant in prevailing on a motion to dismiss for failure to state claim, and the nature of the allegations made by Plaintiff in her Amended Complaint, the court cannot, at such an early stage of the litigation, confidently state that Plaintiff can prove no set of facts to support a claim under the ADA.  Plaintiff has acknowledged that count I is her primary

claim.  Under these circumstances, the court believes that the prudent course of action is to allow the parties to conduct discovery relevant to count I to see if a viable claim exists.   Accordingly, Defendant's Motion to Dismiss is due to be denied as to count I.

### B.      Count II—HIPAA

The court's analysis of Plaintiff's HIPAA count is a jurisdictional one.  Although the Eleventh Circuit has not yet addressed the issue of whether HIPAA creates a private right of action concerning the disclosure of individually identifiable health information, several district courts have held it does not.  *See, e.g., Bigelow v. Sherlock*, No. Civ. A. 04-2785, 2005 WL 283359, at *2 (E.D. La. Feb. 4, 2005) (assuming for purposes of decision that HIPAA does not create private right of action and citing to several supporting opinions); *O'Donnell v. Blue Cross Blue Shield*, 173 F. Supp. 2d 1176, 1179-80 (2001) (finding that HIPAA does not expressly or implicitly create a private right of action); *University of Colo. Hosp. Auth. v. Denver Publishing Co.*, 340 F. Supp. 2d 1142, 1143, 1145 (2004) (same).  If it is concluded that no private cause of action exists, dismissal of a HIPAA claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is appropriate.  *See Logan v. Department of Veteran Affairs*, No. 02-701 (RJL), 2004 WL 3168183, at *4 (D.D.C. July 28, 2004) (concluding that HIPAA provides no private right of action and dismissing claim for lack of subject matter jurisdiction).  Based upon the well-reasoned analyses contained in these opinions cited, the court finds that no private cause of action is available under HIPAA.  Accordingly, count II is due to be dismissed for lack of subject matter jurisdiction.[3]

---

[3]Alternatively, the court notes that, even if HIPAA could be read to have created a private cause of action, the court would still dismiss this claim under Rule 12(b)(6).  The facts alleged in Plaintiff's Amended Complaint do not state a claim under HIPAA.  That is, there are no allegations that suggest Defendant's actions are even covered under HIPAA.

C.      Counts III, IV, V, VI, and VII

As noted above, counts III, IV, V, VI, and VII all present claims based upon state law. Although it appears the court has supplemental jurisdiction over at least some[4] of Plaintiff's claims under 28 U.S.C. § 1367(a), the exercise of supplemental jurisdiction by this court is not mandatory. As 28 U.S.C. § 1367(c) provides, in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, . . . .

During the hearing, it became readily apparent that several of Plaintiff's claims involved novel theories or applications of Alabama law that a state court is better suited to adjudicate. For example, Plaintiff's assault and battery claim is premised upon the theory that Plaintiff was injured when she was required to walk up and down steps to reach her work station before her office was relocated to the first floor.[5]  Further, Plaintiff's rather unique state law theories would present to the

---

[4]In light of the court's ruling, it need not address questions of whether it has subject matter jurisdiction over Plaintiff's claim asserted in Count III. Plaintiff asserts a violation of Alabama Code § 25-1-1. Without question, that claim arises out of Alabama's worker's compensation statute. *Cf. Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000) (holding that worker's compensation retaliation claim under § 25-5-11.1 arises out of worker's compensation laws of Alabama and cannot be removed to federal court pursuant to 28 U.S.C. § 1445(c)).

[5]Alternatively, the court finds that Plaintiff's assault and battery count fails to state a claim upon which relief can be granted because Plaintiff has not alleged (and cannot allege) that she was touched by Defendant (or its representative), nor that she had a well-founded fear of imminent battery. *See e.g., Wilson v. Orr*, 97 So. 133, 135-36 (Ala. 1923) (requiring actual touching of the person); *Wright v. Wright*, 654 So. 2d 542, 544 (Ala. 1995) (noting requirement of well-founded fear of battery to establish an assault); *Allen v. Walker*, 569 So. 2d 350, 351 (Ala. 1990) (same). Similarly, the court alternatively finds that Plaintiff's outrage count fails to state a claim because Plaintiff has not sufficiently alleged "conduct so severe that no reasonable person could be expected to endure it."

trier of fact issues that would be substantially different than Plaintiff's ADA claim. Therefore, the court finds that if it were to retain supplemental jurisdiction over Plaintiff's outrage and invasion of privacy claims, those claims would substantially predominate over Plaintiff's sole federal claim under the ADA. Therefore, under such circumstances, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are due to be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(2); *First Assembly of God of Naples, Florida, Inc. v. Collier County*, 775 F. Supp. 383 (M.D. Fla. 1991) ("The decision to exercise pendent jurisdiction over a claim is within the discretion of the Court, but 'such needless decisions of state law are to be avoided.'") (citing *Grant v. County of Seminole*, 817 F.2d 731, 732 (11th Cir. 1987) (citations omitted)).

## IV.   CONCLUSION

Based upon the foregoing, count I of Plaintiff's Amended Complaint survives Defendant's Motion to Dismiss. Count II of Plaintiff's Amended Complaint is due to dismissed for lack of subject matter jurisdiction. The remaining state law claims are due to be dismissed without prejudice as the court, in its discretion, declines to exercise supplemental jurisdiction over them. A separate order shall be issued.

**DONE** and **ORDERED** this _____6th_____ day of April, 2005.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

*American Rd. Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). This is particularly true in light of the Alabama Supreme Court's admonition that "[b]y extreme [it] refer[s] to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id*. The allegations contained in count IV of Plaintiff's Amended Complaint fall far short of this very high standard.

5